**Ricky WYATT, By and Through his aunt and legal guardian Mrs. W.C. RAWLINS, Jr., et al., Plaintiffs,**

**v.**

**Kathy E. SAWYER, as Commissioner of Mental Health and Mental Retardation, and the State of Alabama Mental Health, Officer, et al., Defendants,**

**United States of America, Amicus Curiae.**

No. Civ.A. 70–T–3195–N.

United States District Court, M.D. Alabama, Northern Division.

Dec. 13, 1999.

Ira A. Burnim, Leonard S. Rubenstein, Linda V. Priebe, Washington, DC, James M. Lichtman, Ropes & Gray, Washington,

DC, Fern Singer, Sirote & Permutt, Birmingham, AL, James A. Tucker, Alabama Disabilities Advocacy Program, Tuscaloosa, AL, Kathryn H. Sumrall, Jackson, Garrison & Sumrall, Birmingham, AL, Allen Smith, Jr., Warm Springs, MT, Iris Eytan, San Francisco, CA, for plaintiffs.

Algert S. Agricola, Jr., Wallace, Jordan, Ratliff & Brandt, L.L.C., Montgomery, AL, Ricky J. McKinney, Burr & Forman, Birmingham, AL, Mary Elizabeth Culberson, Courtney Wayne Tarver, Office of the Attorney General, Montgomery, AL, Edward A. Hosp, Governor's Office, Montgomery, AL, Charles B. Campbell, Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, AL, James Darrington Hamlett, Devereaux & Associates, Montgomery, AL, June E. Lynn, G.R. (Rick) Trawick, Department of Mental Health & Mental Retardation, Bureau of Legal Services, Montgomery, AL, Gregory D. Crosslin, Clifton E. Slaten, Mindi C. Robinson, Crosslin, Slaten & O'Connor, P.C., Montgomery, AL, for defendants.

Kenneth E. Vines, U.S. Attorney's Office, Montgomery, AL, Bill Lann Lee, Robinsue Frohboese, Judith C. Preston, Tawana E. Davis, Robert C. Bowman, United States Department of Justice, Civil Rights Division, Special Litigation Section, Washington, DC, for United States of America, amicus.

### ORDER

MYRON H. THOMPSON, District Judge.

Currently before the court, in this longstanding challenge to conditions in the Alabama Mental Health and Mental Retardation System, are two motions. The first is the plaintiffs' motion, filed on November 18, 1999, for an order requiring the defendants to show cause why they should not be held in civil contempt for failing to comply with a number of requirements in the 1986 consent decree, including a number of 'Wyatt standards' for mental illness and mental retardation. In support of this motion, the plaintiffs have filed a memorandum that both explains how the court, in its December 1997 decision, found the defendants to be in violation of each court-ordered requirement, see Wyatt v. Rogers, 985 F.Supp. 1356 (M.D.Ala.1997) (Thompson, J.), and enumerates specific examples of the defendants' continued lack of compliance with each requirement. These examples are taken from hospital records produced during discovery, and from the reports of the plaintiffs' experts, written pursuant to their tours of several of the defendants' facilities.

The second motion is the defendants' responsive motion, filed on November 22, 1999, to stay consideration of the plaintiffs' show-cause motion until discovery and other pre-hearing activities have been completed.

■ The matter presented to the court at this time is whether to issue a show-cause order. The plaintiffs maintain that their show-cause motion is adequate to support such, and the defendants, in their stay-motion, maintain that the plaintiffs' motion is not. While a court has some discretion to craft the procedures through which a party may be found in civil contempt, see Mercer v. Mitchell, 908 F.2d 763, 766 (11th Cir.1990) ("[A] district court has a certain amount of discretion in fashioning civil contempt sanctions and the procedure by which those sanctions are imposed"), that discretion is constrained by the fourteenth amendment's due process clause, which requires that the defendant be provided with notice of the contempt allegations (usually in the form of a show-cause order), and a hearing at which she can present contrary evidence. Id. at 767. Based on these constitutional requirements, the Eleventh Circuit Court of Appeals has adopted a standard procedure for the disposition of charges of civil contempt.

Civil contempt proceedings are initiated when, as in this case, a plaintiff files a motion for an order to show cause why the defendant should not be held in civil contempt. See Newman v. Alabama, 683 F.2d 1312, 1318 (11th Cir.1982). In this

motion, the plaintiff "cites the provision(s) of the injunction he wishes to be enforced, alleges that the defendant has not complied with such provision(s), and asks the court, on the basis of his representation, to order the defendant to show cause why [s]he should not be adjudged in contempt and sanctioned." *Wyatt v. Rogers,* 92 F.3d 1074, 1078 n. 8 (11th Cir.1996) (emphasis added). The court then issues a show-cause order "[i]f the court finds that the conduct as alleged would violate the prior order." *Mercer,* 908 F.2d at 768.

■ If the plaintiff meets this initial requirement and the court issues a show-cause order, the defendant must then respond to the order in the form of an answer, followed by a show-cause hearing set by the court. At the hearing, allegations will no longer suffice and the plaintiff has the initial burden of producing evidence demonstrating by clear and convincing evidence that the defendant has failed to comply with a prior court order. *See Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir.1998); *Commodity Futures Trading Commission v. Wellington Precious Metals,* 950 F.2d 1525, 1529 (11th Cir.1992); *United States v. Roberts,* 858 F.2d 698, 700 (11th Cir.1988). If the plaintiff meets this burden and thus makes out a *prima facie* case, the burden of production then shifts to the defendant to demonstrate why she should not be held in contempt. *See Chairs,* 143 F.3d at 1436; *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 984 (11th Cir.1986). The defendant may satisfy this burden by demonstrating either that she has in fact complied with the court's order, that she was unable to comply, that she was otherwise excused from compliance, or that sanctions would be inappropriate despite her noncompliance. *See Chairs,* 143 F.3d at 1436; *Newman,* 683 F.2d at 1318. In order to prove that she was unable to comply, the defendant must demonstrate that she has pursued "in good faith all reasonable efforts to comply." *Chairs,* 143 F.3d at 1436 (quoting *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir.1991)). Regardless of which defense she chooses to present, however, the defendant's burden of production requires that she provide detailed, specific evidence to support her contentions. *Citronelle–Mobile Gathering, Inc.,* 943 F.2d at 1301; *Roberts,* 858 F.2d at 701.

■ If the defendant provides sufficient evidence to rebut the plaintiff's *prima facie* case, the burden shifts back to the plaintiff, who has the ultimate burden of proof. *See Combs,* 785 F.2d at 984. The plaintiff may satisfy this burden by providing evidence, for example, that the defendant was indeed capable of compliance. *CFTC v. Wellington Precious Metals,* 950 F.2d at 1529; *Reynolds v. Alabama Dept. of Transp.,* 10 F.Supp.2d 1263, 1273 (M.D.Ala.1998) (Thompson, J.). The kind of evidence necessary to satisfy the plaintiff's burden of proof depends, of course, on what defense the defendant offered to rebut the plaintiff's *prima facie* case.

■ In this case, the first question for the court is whether the plaintiffs have made a sufficient showing in their motion and supporting memorandum to warrant the entry of a show-cause order. The defendants maintain that the plaintiffs have not because the plaintiffs have not come forward with *clear and convincing evidence* of civil contempt. The defendants confuse what the plaintiffs must produce at trial (clear and convincing evidence) with what they must show for issuance of a show-cause order (adequate allegations). The Eleventh Circuit has made clear that, for issuance of a show-cause order, the plaintiff need make only detailed *allegations* which, if true, would support a finding of contempt. *See Wyatt,* 92 F.3d at 1078 n. 8 (the plaintiff need only "*allege* [ ] that the defendant has not complied" with a court order for issuance of a show-cause order) (emphasis added); *Mercer,* 908 F.2d at 768 (the court may issue a show-cause order if it finds the "conduct as *alleged* " constitutes a violation of a court order) (emphasis added).

■ This does not mean that the court cannot and should not look behind the plaintiff's allegations in the show-cause motion. The plaintiff must still comply with Rule 11 of the Federal Rules of Civil Procedure, which requires, as to evidence, that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The court can therefore always go behind the plaintiff's allegations to ensure that he is pursuing contempt in good faith. The court should not subject a defendant to a contempt motion that is being pursued in bad faith or is otherwise without some reasonable factual and legal basis.

■ Here, the court concludes, from its review of the submissions of both the plaintiffs and the defendants, that the plaintiffs have met this burden. The plaintiffs have set forth in the memorandum that accompanies their show-cause motion detailed allegations as to the defendants' failure to comply with a number of requirement in the 1986 consent decree, and these allegation, if true, would warrant a finding of civil contempt.

To be sure, the defendants have submitted contrary evidence. But, though certainly relevant to the issue of whether the plaintiffs' allegations have been made in good faith, the defendants' evidence does not support their request for a summary, outright denial of the plaintiffs' show-cause motion without a response or a hearing, nor does it warrant the defendants' request that consideration of the show-cause motion be held in abeyance pending further discovery by the defendants. The court is convinced that the plaintiffs have submitted their motion in good faith, and that the motion warrants the entry of a show-cause order.

In further support of their contention that the plaintiffs' show-cause motion is in bad faith, the defendants point to instances when the plaintiffs' counsel have represented to the court during monthly status conferences that they believe the defendants have made improvements in some areas, and that the parties will reach settlement as to some issues. The plaintiffs' representations of partial compliance and their efforts to negotiate a settlement are not inconsistent with their good-faith belief that the defendants have as of yet failed to comply *in full* with the 1986 consent decree.

However, in reaching the conclusion that a show-cause order should issue, the court should not be understood to have embraced the plaintiffs' contention, made at a status conference on November 23, 1999, that their mere reference to the court's 1997 decision, *see Wyatt v. Rogers,* 985 F.Supp. 1356 (M.D.Ala.1997) (Thompson, J.), is sufficient to support not only the issuance of a show-cause order but to shift to the defendants at the upcoming hearing the burden of production. Counsel for the plaintiffs argue that the burden has already shifted to the defendants because the plaintiffs have long since proven the defendants' noncompliance, as demonstrated in the December 1997 opinion and order, in which the court found the defendants substantially in violation of the 1986 consent decree; and that, because the plaintiffs have already carried their burden of establishing a *prima facie* case, the burden of proof should shift immediately to the defendants to show cause why they should not be held in contempt.

The plaintiffs overlook that the ultimate issue is whether the defendants are *currently* in contempt, that is, in 1999, and not merely whether they were in contempt two years ago, in 1997, or earlier. Because the plaintiffs' show-cause motion alleges *current* violations—for example, they begin their motion by alleging, "Since December 15, 1997, plaintiffs have been killed, raped, and maimed by defendants' staff," and they allege that "Conditions have not improved since December 15, 1997; they have worsened"—they seek contempt sanctions for *current* violations, and it is

on this basis that the court will issue an show-cause order.

Of course, at trial, the plaintiffs can no longer rely on mere allegations of current violations but must come forward with clear and convincing evidence of the defendants' current noncompliance.

For the foregoing reasons, it is ORDERED as follows:

(1) The defendants' motion for a stay, etc., filed on November 22, 1999 (Doc. no.2010), is denied.

(2) The plaintiffs' motion for a show-cause order, etc., filed on November 18, 1999 (Doc. no.2000), is granted to the extent that a show-cause order will be entered.